**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4797-17T4

KENNETH BARR,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

        Submitted October 3, 2019 – Decided April 6, 2020

        Before Judges Fuentes and Enright.

        On appeal from the New Jersey Department of Corrections.

        Kenneth Barr, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Suzanne Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Kenneth Barr is an inmate at the New Jersey State Prison in Trenton. At all times relevant to this appeal, appellant was serving a forty-year term of imprisonment with thirty-three years, eleven months, and thirty days of parole ineligibility for murder, N.J.S.A. 2C:11-3a(1). He appeals from the final administrative decision of the Department of Corrections (DOC) finding him guilty of disciplinary infraction *005, threatening another with bodily harm or with any offense against his or her person or his or her property, in violation of N.J.A.C. 10A:4-4.1(a).

Appellant argues the hearing officer violated his right to due process because he was not afforded the right to confront his accuser or call witnesses. Appellant also claims the final agency decision was not supported by substantial credible evidence. After reviewing the record before us and mindful of the relevant standard of review, we affirm.

The disciplinary report entered on April 21, 2018 provided that appellant approached Senior Corrections Officer D. Archibald and inquired about a haircut he was scheduled to receive on the previous day. Archibald advised appellant that he did not receive the haircut because they "ran out of time." According to Archibald, appellant raised his voice and stated, "you know I can

fight and I'm gonna [sic] kick your ass."  Archibald immediately ordered appellant into his cell; he complied without incident.

On April 22, 2018, appellant was charged with prohibited act *005. Appellant was provided with counsel substitute pursuant to N.J.A.C. 10A:4-9.12(a) and pled guilty to the charge.  However, he nevertheless alleged that Archibald threatened him first.  Counsel substitute provided the hearing officer with the following statement from appellant:

> I asked [Archibald] why I didn't get a haircut & the officer said "you're on the shit list.  You're not getting shit." I then said what do you mean by that [and] he said "you stupid nigger you know what we do with motherfuckers like you over here." All I said is "you know I can fight right." And then I [was] locked in.

The hearing officer reviewed the record of the charge, including appellant's inculpatory statement, and found him guilty of committing disciplinary infraction *005, by threatening Archibald with bodily harm.  The hearing officer imposed a sanction of 150 days' loss of communication time, 150 days of administrative segregation, and 20 days' loss of recreation privileges. The hearing officer also referred the matter to the Special Investigation Division because the charge was based on a threat to a corrections officer.  Appellant appealed the decision claiming his statements were made in

self-defense. The Superintendent of the penal institution rejected appellant's self-defense assertion and upheld the hearing officer's decision.[1]

This court's authority to review final decisions of a state administrative agency is limited. In re Carter, 191 N.J. 474, 482 (2007). We are bound to uphold such a decision absent "'a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Hemsey v. Bd. of Trs., Police & Firemen Ret. Sys., 198 N.J. 215, 223-24 (2009) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). Appellate review "is guided by three major inquires: (1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion." Twp. Pharmacy v. Div. of Med. Assistance & Health Servs., 432 N.J. Super. 273, 283-84 (App. Div. 2013).

We review a prisoner disciplinary decision to determine whether there is substantial evidence in the record to support the hearing officer's finding that the inmate committed a prohibited act. We also review the hearing officer's

---

[1] In response to this court's decision in DeCamp v. N.J. Dep't of Corr., 386 N.J. Super. 631, 640-41 (App. Div. 2006), the DOC promulgated regulations that describe under what circumstances an inmate may invoke self-defense. See N.J.A.C. 10A:4-9.13(f).

proceedings to ensure the inmate received procedural due process. <u>McDonald v. Pinchak</u>, 139 N.J. 188, 194-95 (1995). However, we "may not substitute [our] own factfinding for that of the agency." <u>Tlumac v. High Bridge Stone</u>, 187 N.J. 567, 573 (2006). We can overturn a decision only when it is "so wide off the mark as to be manifestly mistaken." <u>Ibid.</u>

Here, the hearing officer's decision finding defendant guilty of disciplinary infraction *005 in violation of N.J.A.C. 10A:4-4.1(a) was not arbitrary or capricious. The decision is supported by substantial credible evidence in the record and appellant received all the procedural protections to which he was entitled.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4797-17T4